```
1  Amitai Schwartz (State Bar #55187)
   Elizabeth Letcher (State Bar #172986)
2  Law Offices of Amitai Schwartz
   Watergate Towers
3  2000 Powell Street, Suite 1286
   Emeryville, CA 94608
4  (510) 597-1775
   (510) 597-0957 (fax)
5
   Attorneys for Plaintiff
6    KAREN BROWN
```

<p style="text-align:center">UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA</p>

| | |
|---|---|
| KAREN BROWN )<br>          )<br>     Plaintiff, )<br>          )<br>     v.   )<br>          )<br>PHILIP JOHNSON, MICHAEL )<br>SPARKS, and DOES ONE )<br>THROUGH TWENTY, INCLUSIVE )<br>          )<br>     Defendants. )<br>_____ | Case No.<br><br>COMPLAINT FOR DAMAGES<br><br>(Civil Rights)<br><br>DEMAND FOR JURY TRIAL |

Plaintiff alleges:

<p style="text-align:center">JURISDICTION</p>

1.   This case is brought pursuant to 42 U.S.C. § 1983.  Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.  Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law, pursuant to 28 U.S.C. § 1367.

<p style="text-align:center">VENUE</p>

2.   A substantial part of the events or omissions giving rise to the claims alleged in this Complaint arose in the Northern District of California.  Therefore,

venue lies in the United States District Court for the Northern District of California.  28 U.S.C. §§ 84(a); 1391(b)(2).

## INTRODUCTION

3. This Complaint seeks damages for an unreasonable search and seizure and false arrest and imprisonment.  Defendants working with the California Bureau of Medi-Cal Fraud and Elder Abuse held plaintiff at gunpoint, splayed against a building on a public street in front of the medical clinic where she works, while they searched the clinic for documentary evidence of alleged billing fraud.  Plaintiff's injuries were caused by defendants PHILIP JOHNSON and MICHAEL SPARKS, supervising agents of the Bureau of Medi-Cal Fraud and Elder Abuse, and other persons designated as DOES ONE through TWENTY.

## PARTIES

4. Plaintiff KAREN BROWN is a resident of Oakland, California.

5. Defendant PHILIP JOHNSON is and was at all times relevant to this action a supervisor at the California Department of Justice, Bureau of Medi-Cal Fraud and Elder Abuse.  He is sued in his individual capacity.

6. Defendant MICHAEL SPARKS is and was at all times relevant to this action an agent of the California Department of Justice, Bureau of Medi-Cal Fraud and Elder Abuse.  He is sued in his individual capacity.

7. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES ONE through TWENTY, inclusive, and therefore sues said defendants by such fictitious names.  Plaintiff is informed and believes, and therefore alleges on information and belief, that each of DOES ONE through TWENTY was an agent of the California Department of Justice, Bureau of Medi-Cal Fraud and Abuse, or an agent or police officer of a cooperating law enforcement agency.  Plaintiff is informed and believes, and therefore alleges on information and belief, that each of DOES ONE through TWENTY is responsible

1  in some manner for the injuries and damages alleged herein.  Plaintiff will seek
2  leave to amend this Complaint to add their true names and capacities when they
3  have been ascertained.
4       8.    Plaintiff is informed and believes, and therefore alleges on
5  information and belief, that at all times relevant to this action, Defendants, and
6  each of them, acted in the course and scope of their employment.
7       9.    Plaintiff is informed and believes, and therefore alleges on
8  information and belief, that at all times relevant to this action, Defendants, and
9  each of them, acted under color of state law.

## FACTS

10.    Plaintiff is an employee of Berkeley Addiction Treatment Services (BATS).  BATS is a licensed narcotic treatment program located in Berkeley, California. It provides methadone treatment.  Methadone treatment involves prescription and administration of methadone in a licensed medical facility in conjunction with appropriate social and medical services, and is regulated by state and federal law.  42 C.F.R. § 8.1 et seq.;  9 Cal. Code Regs. § 9995 et seq.

11.    BATS provides services covered by California's Medicaid assistance program, known as "Medi-Cal."  BATS bills Medi-Cal and Medi-Cal reimburses BATS for some of the services it provides to its patients.

12.    On March 20, 2003, agents of the Department of Justice, Bureau of Medi-Cal Fraud and Elder Abuse, including defendants, raided the BATS clinic on Sacramento Street in Berkeley, California to execute a search warrant issued by the Sacramento County Superior Court.  The warrant permitted the search and seizure of the premises for evidence of Medi-Cal fraud.

13.    Plaintiff Brown was not personally suspected of committing fraud.

14.    Plaintiff Brown was not a target of the search warrant.

15. Plaintiff Brown started work as an employee several months before the raid and was not employed during the time covered by most of the records sought by the warrant.

16. Beginning at approximately 10:15 a.m., carloads of agents and police approached the BATS clinic, clothed in black uniforms with helmets.

17. Plaintiff BROWN was on her morning break, outside the BATS clinic on Sacramento Street, when agents and police arrived.

18. As they approached, agents under the supervision and direction of defendants JOHNSON, SPARKS, and DOES displayed and pointed guns at plaintiff BROWN.

19. Several agents asked plaintiff BROWN where she was going.  She responded that she was going to work at BATS.

20. Without reasonable suspicion, without probable cause, and without consent, Plaintiff BROWN was ordered by agents under the supervision and direction of defendants JOHNSON, SPARKS, and DOES, to stand against a wall with her hands up on the wall.  Plaintiff Brown cooperated with the agents, offered no resistance, and did not threaten the agents in any way.

21. Plaintiff BROWN was restrained, at gunpoint, without reasonable suspicion, probable cause or consent, for approximately fifteen minutes as if she was a common criminal.  She was not allowed to move away.  She was restrained in front of members of the public, including passersby, customers of stores nearby, and passengers traveling on public buses and in private cars.

22. After approximately fifteen minutes plaintiff Brown was brought toward the clinic by two agents, one male and one female.  She was pat searched without her consent by one of the agents in public view.  She was then brought into the BATS office.  She was further restrained in an indoor lobby area and in an office area where she was interrogated.  She was later allowed to leave and left the BATS office at approximately 12:00 p.m.

23. Plaintiff Brown was not suspected of having committed a crime or being about to commit a crime.

24. Defendants had no information giving probable cause to believe that plaintiff Brown had committed or was about to commit a crime.

25. As a direct and proximate result of Defendants' actions and omissions, Plaintiff suffered mental anguish and emotional distress.

26. As a direct and proximate result of Defendants' actions and omissions, Plaintiff suffered and continues to suffer humiliation and embarrassment.

27. As a direct and proximate result of Defendants' actions and omissions, Plaintiff suffered and continues to suffer injury to her reputation.

28. As a direct and proximate result of Defendants' actions, Plaintiff was unreasonably detained and suffered loss of her liberty.

29. As a direct and proximate result of Defendants' actions, Plaintiff was deprived of clearly established rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution.

30. Defendants' conduct was outrageous and extreme.

31. Defendants acted knowingly, recklessly or were deliberately indifferent to their obligations under the Fourth and Fourteenth Amendments to the United States Constitution.

32. Defendants acted with malice or with reckless disregard of and/or deliberate indifference to Plaintiff's federal constitutional rights.

33. Supervising agents, including but not limited to Defendants JOHNSON, SPARKS, and DOES, failed properly to train, supervise, and control the agents who caused the injury. Supervising agents directed the actions taken against Plaintiff.

34. Supervising agents, including but not limited to Defendants JOHNSON, SPARKS, and DOES, were deliberately indifferent to their obligation

1 to train and supervise agents who executed the search warrant concerning their
2 obligations under the Fourth and Fourteenth Amendments to the United States
3 Constitution.
4     35. Plaintiff filed a timely government tort claim with the California
5 Victim Compensation and Government Claims Board on August 18, 2003. The
6 claim was rejected as a matter of law pursuant to Cal. Gov. Code § 912.4(c) on
7 October 2, 2003.
8
9 <center>FIRST CLAIM FOR RELIEF</center>
10 <center>(42 U.S.C. § 1983 – Unreasonable Seizure)</center>
11     36. Plaintiff realleges and incorporates by reference each allegation of
12 paragraphs 1 through 35.
13     37. Defendants JOHNSON, SPARKS, and two or more of DOES ONE
14 through TWENTY deprived Plaintiff of her rights, privileges and immunities
15 under the Constitution of the United States, in particular the right to be secure in
16 her person against unreasonable seizure.
17     38. By these actions and omissions, Defendants deprived plaintiff of
18 rights secured by the Fourth Amendment to the United States Constitution.
19
20 <center>SECOND CLAIM FOR RELIEF</center>
21 <center>(42 U.S.C. § 1983 – Unreasonable Search)</center>
22     39. Plaintiff realleges and incorporates by reference each allegation of
23 paragraphs 1 through 38.
24     40. Defendants JOHNSON, SPARKS, and two or more of DOES ONE
25 through TWENTY deprived Plaintiff of her rights, privileges and immunities
26 under the Constitution of the United States, in particular the right to be secure in
27 her person and property against unreasonable searches.
28

41. By these actions and omissions, Defendants deprived Plaintiff of rights secured by the Fourth Amendment to the United States Constitution.

### THIRD CLAIM FOR RELIEF
(42 U.S.C. § 1983 – Failure to Train and Supervise)

42. Plaintiff realleges and incorporates by reference each allegation of paragraphs 1 through 41.

43. The acts and omissions of defendants JOHNSON, SPARKS, and other supervisor DOES of failing adequately to train and supervise the DOE defendants who searched and seized Plaintiff, alleged herein, deprived Plaintiff of her rights, privileges, and immunities under the laws and Constitution of the United States, in particular the right to be free from unreasonable search and seizure.

### FOURTH CLAIM FOR RELIEF
(California Constitution Art. I, § 13 – Unreasonable Search)

44. Plaintiff realleges and incorporates by reference each allegation of paragraphs 1 through 35.

45. Defendants JOHNSON, SPARKS and two or more of DOES deprived Plaintiff of her rights, under Article I, Section 13 of the California Constitution, in particular, the right to be secure in her person against unreasonable searches.

### FIFTH CLAIM FOR RELIEF
(California Constitution Art. I, § 13 – Unreasonable Seizure)

46. Plaintiff realleges and incorporates by reference each allegation of paragraphs 1 through 38.

1  47. Defendants JOHNSON, SPARKS and two or more of DOES deprived Plaintiff of her rights, under Article I, Section 13 of the California Constitution, in particular, the right to be secure in her person against unreasonable seizures.

## SIXTH CLAIM FOR RELIEF

(False Arrest/Imprisonment)

48. Plaintiff realleges and incorporates by reference each allegation of paragraphs 1 through 38.

49. The actions and omissions of Defendants JOHNSON, SPARKS, and two or more of DOES constitute false arrest and imprisonment under the laws of the State of California.

## SEVENTH CLAIM FOR RELIEF

(Assault and Battery)

50. Plaintiff realleges and incorporates by reference each allegation of paragraphs 1 through 38.

51. The actions and omissions of Defendants JOHNSON, SPARKS, and two or more of DOES constitute assault and battery under the laws of the State of California.

## EIGHTH CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress)

52. Plaintiff realleges and incorporates by reference each allegation of paragraphs 1 through 38.

53. The actions and omissions of Defendants JOHNSON, SPARKS, and two or more of DOES constitute intentional infliction of emotional distress under the laws of the State of California.

## NINTH CLAIM FOR RELIEF
### (Cal. Civil Code § 52.1)

54. Plaintiff realleges and incorporates by reference each allegation of paragraphs 1 through 38.

55. The actions of Defendants JOHNSON, SPARKS, and two or more of DOES violate California Civil Code § 52.1, in that they interfered with rights secured by the Constitution of the United States and rights secured by the Constitution and laws of California.

## TENTH CLAIM FOR RELIEF
### (California Constitution Art. I, § 1 – Right to Privacy)

56. Plaintiff realleges and incorporates by reference each allegation of paragraphs 1 through 38.

57. The actions of Defendants JOHNSON, SPARKS, and two or more of DOES violate Article I, Section 1 of the California Constitution in that they violated Plaintiff's right to privacy.

## PRAYER

WHEREFORE, Plaintiff KAREN BROWN, prays for judgment against Defendants, and each of them as follows:

1. For compensatory damages in an amount according to proof;
2. For civil damages pursuant to Cal. Civil Code §§ 52 and 52.1(b).
3. For punitive damages against the individual defendants in an amount according to proof;
4. For reasonable attorneys fees pursuant to 42 U.S.C. § 1988 and Cal. Civ. Code § 52.1(h) and California Code of Civil Procedure § 1021.5;

//

5.    For costs of suit;

6.    For such further relief as the court deems proper.

Dated: October 30, 2003

                        Respectfully submitted,

                        LAW OFFICES OF AMITAI SCHWARTZ

                        Amitai Schwartz
                        Elizabeth Letcher

                        By:  _____
                              Amitai Schwartz
                              Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: October 30, 2003      LAW OFFICES OF AMITAI SCHWARTZ

                        Amitai Schwartz
                        Elizabeth S. Letcher

                        By:  _____
                              Amitai Schwartz
                              Attorney for Plaintiff